UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FREDDIE L. COLQUITT,

        Plaintiff,

vs.                      Case No. 2:07-cv-548-FtM-DNF

MAJOR THOMAS ELLEGOOD, REV. GERALD
CAMP, CAPT. SCOTT HALL and SECRETARY
BARBARA HOWARD,

        Defendants.
_____/

**OPINION AND ORDER**[1]

I.

This matter comes before the Court upon review of the Defendants' Joint Motion to Dismiss and Incorporated Memorandum of Law (Doc. #49, Mot. Dismiss), filed on behalf of Defendants Ellegood, Camp, Hall, and Howard. Plaintiff filed a Reply (Doc. #51, Reply). This matter is ripe for review.

Plaintiff, who is proceeding *pro se*, initiated this action by filing a Civil Rights Complaint Form (Doc. #1, Complaint) on August 31, 2007. Plaintiff alleges that his constitutional rights were violated based on incidents that allegedly occurred while incarcerated in the Lee County Jail for purposes of attending his post-conviction hearings. On March 18, 2008, Plaintiff filed a "Motion to Amend/Correct," to which the Defendants filed a

---

[1] Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and the consent of the parties, the undersigned is the presiding judge. See Order at Doc. #57.

response. Upon review of the matters, the Court entered an Order (Doc. #43) granting Plaintiff's Motion to Amend and deeming Plaintiff's Amended Complaint (Doc. #48) as the operative pleading in this matter. Plaintiff attaches exhibits (Pl's Exhs. A-I) to his Amended Complaint, including, *inter alia*, a copy of a page from the Quran provided to him while at the Lee County Jail.

II.

The Amended Complaint names the following Defendants from the Lee County Jail: Major Thomas Ellegood, Captain Scott Hall, Reverend Gerald Camp, and Secretary Barbara Howard. Amended Complaint at 1. Under the "Statement of Claim" section on the Complaint, Plaintiff states:

> First Amendment violation (to receive his holy Quran); Retaliation; Equal Protection violation; and Due Process violations; etc. Eighth Amendment violation- abuse of power via officials. Oppressive and wanton behavior; [sic] and calculated harassment.

Id. at 8.

Specifically, Plaintiff alleges a First Amendment violation based on the alleged interference with his freedom to practice his religion. Pl's Exh. A at 2. The facts in support of his claims, which are assumed true for purposes of this motion, are as follows: Plaintiff's wife ordered him a holy Quran from Amazon's online store on May 14, 2007. Id. The website confirmed that the Quran was delivered to the jail on June 2, 2007. Id. On June 8, 2007, Plaintiff's wife sent an email to Major Waite inquiring as to the

status of the package. Id. Defendant Ellegood responded to Plaintiff's wife's email, advising her that the package had been returned to the sender because the jail no longer accepts unauthorized packages for inmates. Defendant Ellegood explained that according to jail policy, religious packages must be directed to Reverend Camp and then delivered to the inmate. Id. at 3. Plaintiff states that his wife re-ordered the Quran and sent an email to Defendant Reverend Camp on June 22, 2007. Id. That same day Reverend Camp responded to Plaintiff's wife's email, referring her back to the June 8 email from Defendant Captain Ellegood indicating that packages are not accepted from outside sources. Id. at 4. Plaintiff references a grievance response dated June 28, 2007, in which Defendant Howard stated that a Quran was included for Plaintiff and directed Plaintiff to return the Bible he was issued on March 14, 2007. Id. at 5. Plaintiff claims that the text of the provided Quran was so small that he "experienced pain and great difficulty each time he tried to read and study" the Quran. Id. at 5-6. Plaintiff also contends that some of the text from the Quran was missing. Id. at 6. Plaintiff states that he filed grievances concerning the matter. Id. Plaintiff then alleges that Defendant Howard responded to one of his grievances, indicating that Plaintiff had been provided a replacement Quran on July 5, 2007. Id. Plaintiff contends that he never received a replacement Quran. Id.

Plaintiff further alleges that the Defendants deprived him of his Quran in retaliation for his filing of previous lawsuits and state writs. Id. at 11. Plaintiff claims that he was "afraid of the Defendants and their colleagues, as a result of their retaliation in denying his Holy Quran." Id. at 11. Additionally, Plaintiff claims that Defendant Hall had him "transferred out" of the county jail on March 11, 2008, in retaliation. Id. at 13. Plaintiff alleges that Defendant Hall told him that he was tired of Plaintiff's grievances, and was "getting the Plaintiff out of his jail." Id. at 14. As a remedy, Plaintiff requests reimbursement of the costs he incurred to bring this action, monetary damages for the emotional stress and strain he suffered, and monetary damages for his "physical pain and suffering." Amended Complaint at 10.

### III.

Defendants argue that the Amended Complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6). See generally Mot. Dismiss. With regard to his Free Exercise of Religion claim, Defendants assert that Plaintiff possessed a copy of the Quran, which was provided by the jail. Id. at 2. Although Plaintiff complains of the size of the text and that certain sections were missing, Defendants argue that Plaintiff does not show that these issues placed a "substantial burden on his practice of Islam." Id. Defendants also argue that the failure to provide Plaintiff with a

larger copy of the religious book hardly rises to the level of cruel and unusual punishment to state an Eighth Amendment claim. Id. at 3. Neither does the Amended Complaint state an Equal Protection, nor a Due Process claim. Id. With regard to the claims of retaliation, Defendants argue that Plaintiff uses only conclusory language and does not provide "specific information as to how he knows the acts were retaliatory." Id. at 2. To the extent Plaintiff attempts to allege a retaliation claim against Defendant Hall involving Plaintiff's transfer from the county jail back to the Department of Corrections, Defendants argue that inmates do not have a fundamental right to choose their place of imprisonment, and, as such, the Amended Complaint fails to state a claim. Id. at 3. Further, Defendants assert that the Amended Complaint fails to establish that Defendant Hall has the authority or power to unilaterally return Plaintiff to the Department of Corrections. Id. Defendants also note that Plaintiff did not suffer physical injury, thus the Prison Litigation Reform Act requires dismissal. Id. at 4. Defendants, in closing, argue that they are entitled to qualified immunity. Id.

IV.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334,

1335 (11th Cir. 2003). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Dura Pharms., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965, 1968-69 (2007) (citations omitted) (abrogating Conley v. Gibson, 355 U.S. 41 (1957) and stating that Conley did not set forth the minimum standard governing a complaint's survival under a motion to dismiss, rather the case "described the breadth of opportunity to prove what an adequate complaint claims"). With respect to § 1983 cases that involve individuals entitled to assert qualified immunity, the Eleventh Circuit imposes "heightened pleading requirements." Swann v. Southern Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004)(citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)). The heightened pleading standard is not otherwise applicable. The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Secs., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is warranted however if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive

legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16.

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) Defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).

In addition, Plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). A defendant who occupies a supervisory position may not be held liable under a theory of *respondeat superior* in a § 1983 action. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-692 (1978); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003). Since Plaintiff is

proceeding *pro se*, we construe his pleadings liberally. Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

V.

**A. First Amendment Claims**

**1. Freedom of Religion**

The First Amendment to the United States Constitution provides:

> Congress shall make no law respecting establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or of the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

An inmate must be given a "reasonable opportunity" "to exercise the religious freedom guaranteed by the First and Fourteenth Amendment without fear of penalty." Cruz v. Beto, 405 U.S. 319, 322 (1972). An inmate's First Amendment rights, however, are not without restriction. Lawson v. Singletary, 85 F.3d 502, 509 (11th Cir. 1996). "[L]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). The Turner rule adopted by the Supreme Court in Turner v. Safley, 482 U.S. 78, 85 (1987), employs a reasonableness standard for evaluating prison regulations that may infringe on an inmates' constitutional guarantees: "when a prison regulation impinges on

inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Id. at 89. A threshold matter that the Court must first determine is whether an infringement occurred. Cheffer v. Reno, 55 F.3d 1517, 1522 (11th Cir. 1995). The definition for "substantial burden" is: a burden that either compels the person to engage in conduct that his religion forbids or forbids the person from engaging in conduct that his religion requires. Id.

The Court will first determine whether the Amended Complaint sets forth a substantial infringement on Plaintiff's practice of his religion. Here, Plaintiff claims that he did not receive the package containing a copy of the Quran ordered from Amazon mailed by Plaintiff's wife to the jail because of the jail's policy on receiving incoming packages. Instead of being provided the package from his wife, the jail provided Plaintiff with an approved copy of the Quran. Plaintiff then claims, however, that jail's copy of the Quran included text that was in font too small and was missing verses. The jail states that they provided a replacement copy of the Quran. Plaintiff contends he never received the replacement Quran.

The Court agrees with Defendants that the Amended Complaint fails to set forth a substantial burden on Plaintiff's religious practice. Plaintiff was provided a copy of the Quran to read while at the Lee County Jail. See Pl's Exh. I, Pl's Exh. H (showing that

a copy of Quran was provided on June 28, 2007). Although Plaintiff claims the font size of the Quran text was too small, the Court has reviewed the copy of the Quran provided by Plaintiff to the court and the text is legible. Pl's Exh. I. While the footnotes in the copy of the Quran attached to Plaintiff's Amended Complaint may be illegible, Plaintiff was neither prohibited from keeping a copy of his Quran in his jail cell, nor prohibited from performing other individual religious exercises. Further, although Plaintiff contends that the only copy of the Quran he was provided was illegible, Plaintiff attaches to his Amended Complaint a response to one of his grievances dated July 26, 2007, in which the Defendant Howard states that Plaintiff was given a replacement copy of the Quran on July 5, 2007. Pl's Exh. N. "Our duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations. Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." Griffin Industries, Inc. v. Irvin, 496 F.3d 1189, 1205-06 (11th Cir. 2007)(citing Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974)(internal citations omitted)). Even if the Court took Plaintiff's version of the facts as true and found that he was not provided a second copy of the Quran, the Court does not find a substantial infringement on Plaintiff's rights in this case. Accordingly, the Court will not analyze the

reasonableness of the jail's policy on receiving incoming unauthorized packages for inmates.²

### 2. Retaliation

Plaintiff claims that "Defendants Camp, Ellegood, Hall, and Howard acted 'wantonly and/or oppressively' as measures of 'retaliation' in denying the Plaintiff his holy Quran." Amended Complaint at 11. Plaintiff also claims that Defendant Hall's decision to transfer him from the county jail back to the DOC after his post-conviction matters were finished was done in retaliation.

A First Amendment retaliation claim requires: first, that a plaintiff's speech or act was Constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech. See Bennett v. Hendrix, 423 F.3d 1247 (11th Cir. 2005)(citations omitted) (surveying the law in other circuits regarding a retaliation claim as this was a case of first impression); Pittman v. Tucker, 213 Fed. Appx. 867, 870 (11th Cir. 2007) (applying Bennett factors to a retaliation claim arising in the prison context). "The plaintiffs' claim depends not on the denial of a

---

²Plaintiff does not challenge the jail's package policy pertaining to inmates receiving incoming packages through the mail. See Amended Complaint. Rather, it appears Plaintiff mentions this package policy in attempt to show that the jail's policy package was applied inconsistently. The jail's violation of their own purported policy does not state a constitutional violation.

constitutional right, but on the harassment they received for exercising their rights. 'The reason why such retaliation offends the Constitution is that it threatens to inhibit exercise of the protected right.'" Bennett, 423 F.3d at 1253.

An essential element of a First Amendment retaliation claim is the existence of a retaliatory motive. See Gattis v. Brice, 136 F.3d 724, 726 (11th Cir. 1998) ("To succeed in a section 1983 suit based on a claim of retaliation for speech, the plaintiff must show that his speech was a 'substantial' or 'motivating' factor in the allegedly retaliatory decision."). Thus, in the instant case, Plaintiff must be able to demonstrate a "causal connection" between the adverse action taken against Plaintiff and the exercise of Plaintiff's free speech rights. Farrow v. West, 320 F.3d 1235, 1240 (11th Cir. 2003). See also Osterback v. Kemp 300 F.Supp. 2d 1238 (N.D. Fla. 2003). A plaintiff must do more than make "general attacks" upon a defendant's motivations and must articulate "affirmative evidence" of retaliation to prove the requisite motive. Crawford-El v. Britton, 523 U.S. 574, 600 (1998) (citations omitted). In essence, a plaintiff must be able show that a defendant was "subjectively motivated to discipline" the plaintiff for exercising his First Amendment rights. Smith v. Mosley, 532 F.3d 1270, 1278 (11th Cir. 2008).

Courts are not to infer causation or construe legal conclusions as facts. Aldana v. Del Monte Fresh Produce, N.A.,

-12-

Inc., 416 F.3d 1242 (11th Cir. 2005). Further, courts should give deference to prison officials when evaluating whether there was a legitimate penological reasons for conduct alleged to be retaliatory. Sandin v. Conner, 515 U.S. 472 (1995).

Here, the allegations of retaliation in the Amended Complaint fail to state a claim. Plaintiff claims that Defendants Camp, Ellegood, Hall, and Howard retaliated against him because he filed lawsuits and complaints. While the conduct Plaintiff states that he engaged in may be considered a protected activity, the Amended Complaint fails to set forth a causal connection between the retaliation and the protected activity. Plaintiff, in fact, received a copy of the Quran. Plaintiff attaches as an exhibit a grievance addressed to Defendant Camp, in which Plaintiff states, "I have clearly failed to understand your 'motive and aim' of your recent communication to my wife." Pl's Exh. F. In response, Defendant Camp reiterates that he "has no other motive or aim, but to follow the Corrective Bureau policy. . . . [W]e are not allowed to accept packages through the mail." Id. at 3. With respect to the allegations against Defendant Hall, Plaintiff specifically alleges that Hall told Plaintiff that he was going to transfer him back to the DOC. Although Plaintiff claims that his transfer from the county jail back to the DOC was done in retaliation, there is no factual basis to support the idea that Defendant Hall, a captain of the jail, has the authority to unilaterally transfer Plaintiff

back to the DOC. Plaintiff's post-conviction hearings in Lee County were finished when he was transferred back the custody of the DOC. See Pl's Exh. P at 3-9.

Plaintiff also vaguely claims that he was subjected to "calculated harassment." The Amended Complaint is unclear what type of harassment Plaintiff claims to have experienced. See Amended Complaint. Nonetheless, the law is settled that verbal taunting does not amount to a constitutional violation. Sepulveda v. Burnside, 170 Fed. Appx. 119, 124 (11th Cir. Mar. 13, 2006) (citing Edwards v. Gilbert, 867 F.2d 1271, 1274 n. 1 (11th Cir. 1989)(other citations omitted)).

## B. Eighth Amendment Claim

The Amended Complaint asserts an Eighth Amendment claim, presumably stemming from the Defendants providing Plaintiff with a Quran with small print to read. Defendants note that Plaintiff claims that the Defendants abused their power in denying him an appropriately sized Quran. The Eighth Amendment's "cruel and unusual punishment" standard, which originally proscribed barbarous methods of punishment, has evolved to reflect society's "standards of decency." Rhodes v. Chapman, 452 U.S. 337, 345-46 (1981), Estelle v. Gamble, 429 U.S. 97, 102 (1976). The court employs a two-part analysis in determining whether the conditions of a plaintiff's confinement violates the Eighth Amendment. Hudson v. McMillan, 503 U.S. 1, 8 (1992). First the condition must be

objectively and sufficiently serious or "extreme" to show that it "pose[s] an unreasonable risk of serious damage to [a plaintiff's] future health or safety." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). Second, plaintiff must come forward with some factual allegations to show that the defendant official "acted with a sufficiently culpable state of mind." Id. (citing Hudson, 503 U.S. at 8). Negligence is not enough. Chandler, 379 F.3d at 1289. Rather, a plaintiff must show the defendant acted with "deliberate difference." Id. As noted earlier, the Court finds the text size of the print small, but legible. Thus, the Amended Complaint is devoid of any allegations arising to the level of an Eighth Amendment claim.

## C. Equal Protection Claim

Plaintiff states that the Defendants violated his right to equal protection. In order to plead an equal protection claim, a plaintiff must allege: (1) that he has been treated differently than "similarly situated" inmates, and (2) that the discrimination is based upon a constitutionally impermissible basis, such as race, religion, national origin, or some other protected right. Sweet v. Sec'y Dep't of Corrections, 467 F.3d 1311, 1319 (11th Cir. 2006), cert. denied __ U.S. __ (2007); Jones v. Ray, 279 F.3d 944, 946-947 (11th Cir. 2001). Conclusory allegations of disparate treatment or plaintiff's personal belief of discriminatory intent is insufficient. GJR Investments, Inc. v. County of Escambia, 132

F.3d 1359, 1367-68 (11th Cir. 1998). The Amended Complaint is completely devoid of any allegations that any other inmate was treated any differently than Plaintiff. Consequently, the Court finds that Plaintiff has failed to allege Equal Protection claim.

**D. Due Process**

Plaintiff claims that the Defendants violated his Due Process rights. There are two circumstances in which prisoners can be further deprived of a due process liberty interest. <u>Morales</u>, 212 Fed. Appx. at 890.

> The first is when a change in a prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court. The second is when the state has consistently given a certain benefit to prisoners (for instance, via statute or administrative policy), and the deprivation of that benefit 'imposed atypical and significant hardship on the inmate in relation to ordinary incidents of prison life.

<u>Id.</u> (internal citations omitted). The Complaint is devoid of any such factual allegations.

Because the Court determines that Plaintiff's constitutional claims are mertiless, the Court finds no need to address whether Plaintiff would be entitled to monetary damages without a prior showing of physical injury as required by the Prison Litigation Reformation Act. Additionally, the Court need not address Defendants' argument concerning qualified immunity.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendants' Motion to Dismiss the Amended Complaint (Doc. #49) is **GRANTED**.

2. The Clerk of Court shall: (1) terminate any pending motions; (2) enter judgment accordingly; and (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this 30th day of March, 2009.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　DOUGLAS N. FRAZIER
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

SA: alj
Copies: All Parties of Record